**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| SUSAN M. MANLEY, | * | |
| Plaintiff | * | |
| v. | * | Civil No.: PWG-18-0053 |
| WASHINGTON ADVENTIST | * | |
| HOSPITAL, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

In October 2016, Susan Manley, a registered nurse, was terminated by her employer, Washington Adventist Hospital.[1] Compl., ECF No. 1. In January 2018, Ms. Manley filed this *pro se* lawsuit against Washington Adventist Hospital, her supervisor, and various colleagues, asserting employment discrimination claims. *Id.* The Defendants moved for dismissal, which I granted in part and denied in part in August 2019. *See* Mem. Op., ECF No. 28. The claims against the individual defendants were dismissed with prejudice, as was a claim asserted under a Montgomery County ordinance, but Ms. Manley's discrimination claims against Washington Adventist Hospital were allowed to proceed. *Id.*[2] Specifically, this case has proceeded with two claims asserted against Washington Adventist Hospital: (1) racial and religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) *et seq.* ("Title VII");

---

[1]     Defendant provided a declaration indicating that Washington Adventist Hospital is a trade name used by Adventist HealthCare, Inc., which was actually Ms. Manley's employer and the proper Defendant. *See* Decl. DeStefano, Ex. 1 at ¶ 3, ECF No. 38-3. Also, Washington Adventist Hospital closed in August 2019. *Id.*

[2]     I also denied Defendants' motion to dismiss all claims under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Mem. Op. 15, ECF No. 28.

and (2) age-based discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634.  *Id.*  Washington Adventist Hospital then filed the pending Motion for Partial Summary Judgment, seeking to bar Ms. Manley's religious discrimination claims.  Mot., ECF No. 38.  With her response in opposition, Ms. Manley requested leave to file an amended complaint, which I shall construe as a motion.  *See* ECF No. 48.[3]  Having reviewed the filings,[4] I find that a hearing is unnecessary in this case.  *See* Loc. R. 105.6 (D. Md. 2018).  For the reasons stated herein, Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 48, is GRANTED IN PART and DENIED IN PART, and Defendant's Motion for Partial Summary Judgment, ECF No. 38, is GRANTED.

## BRIEF[5] BACKGROUND

Susan Manley began working for Washington Adventist Hospital in 2007 and believes she was treated less favorably, and fired from her position as a Registered Nurse, because she openly spoke of her religious faith as a "White Christian Woman" and member of the "Traditional Holy Roman Catholic Faith" and not a member of the Seventh Day Adventist Church.  *See, e.g.*, Am. Compl. ¶¶ 11-13, 16, 32, 42, 58, 63-64, 106, 115, 127, ECF No. 47.[6]  Ms. Manley alleges that she felt humiliated and denigrated because of her faith, which caused her "Mental Anguish" and

---

[3]     The Plaintiff's Amended Complaint was filed without an accompanying redline as required by this Court's Local Rule 103.  *See* ECF No. 49.  Because of the substantial difference between the *pro se* form Complaint initially filed and the Amended Complaint prepared with the assistance of *pro bono* counsel, I approved the parties' consent motion to waive the Local Rule requirement for a redlined version.  Order, ECF No. 59.  The request for leave to file an amended complaint, however, remains pending.

[4]     In addition to the Defendant's motion, ECF No. 38, Plaintiff filed a Response in Opposition, ECF No. 41, which included a request for leave to file an amended complaint, Defendant filed a Reply, ECF No. 50, and Defendant filed its opposition to the request for leave to file an amended complaint, ECF No. 51.

[5]     The parties are familiar with the detailed background of this case, so I provide only a brief summary.  For a more in-depth treatment of the factual and procedural background of this case, *see* Mem. Op, ECF No. 28.

[6]     Because the motion for leave to file an amended complaint is granted in part, I am citing to the proposed amended complaint, ECF No. 47, as appropriate, for ease of reference.

"Emotional Distress." *Id.* at ¶ 12. Ms. Manley received numerous "corrective action" reports in her final year and a half of employment at Washington Adventist Hospital, but she disputes that her absences were unscheduled or unexcused, and she cites positive performance appraisals and work awards. *See, e.g.*, *id.* at ¶¶ 14, 17-28, 41, 43-44, 79-80, 87-101, 116, 122-29, 149-50, 209-24.

At this stage of the lawsuit, Ms. Manley has asserted two claims against Washington Adventist Hospital—a Title VII claim for wrongful termination on the basis of religion and race; and an ADEA claim for wrongful termination based on her age. Washington Adventist Hospital has moved for partial summary judgment, seeking dismissal of the religious discrimination claim under Title VII because it is a "religious organization" as defined under Title VII and is exempt from religious discrimination claims. Def.'s Mot. Mem. 1-2, ECF No. 38-2. In her response in opposition, Ms. Manley included a request for leave to amend her complaint, which she suggests moots Defendant's motion if allowed. However, the pending motion for partial summary judgment is not automatically rendered moot, as it is addresses the sole issue of the Title VII exemption for religious organizations. *See Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 415 (D. Md. 2012) (holding that a motion for summary judgment was not mooted by the filing of amended complaint because "such a motion is not directed at the adequacy of a complaint's allegations but is instead focused on the merits of the substantive claim"); *see also* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). I shall address Ms. Manley's request for leave to amend separately.

## STANDARD OF REVIEW

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). A court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. *Id.* at 248-49.

While this Court is required to liberally construe documents that self-represented litigants file and hold them to a less stringent standard than those that attorneys draft, *see Erickson v. Pardus*, 551 U.S. 89,94 (2007); *Estelle v. Gamble*, 429 US. 97, 106 (1976), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Rather, the Court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from

4

proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003)

(citation omitted).

## ANALYSIS

### I.     Partial Summary Judgment

Pursuant to Title VII, an employer cannot "discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). But Title VII is not without bounds, and has

long included an exemption for religious organizations in certain circumstances. Specifically, §

2000e-1(a) provides that:

> This subchapter [of Title VII] shall not apply to . . . a religious
> corporation, association, educational institution, or society with
> respect to the employment of individuals of a particular religion to
> perform work connected with the carrying on by such corporation,
> association, educational institution, or society of its activities.

*Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 192 (4th Cir. 2011) (quoting 42 U.S.C. §

2000e-1(a)). The term "employment" in this statute is "not limited to hiring and firing decisions."

*Id.* at 193. Rather, it covers claims that "arise from [an employee's] 'state' of 'being employed,'"

such as "discharge, harassment, and retaliation." *Id.* (quoting Black's Law Dictionary 9th ed.).

Indeed, "§ 2000e-1(a) exempts religious organizations . . . from [employees'] claims of religious

discrimination," *id.* at 196, as well as from claims of discriminatory discharge, *id.* at 192-93.

Therefore, if Washington Adventist Hospital is a religious organization, it is exempt from

Ms. Manley's claims based on religious discrimination.  However, neither Title VII, the Fourth

Circuit, nor this Court has defined "religious organization" or "religious institution" for purposes

of the religious organization exemption, 42 U.S.C. § 2000e-1(a). Yet, the Fourth Circuit has held

that, for purposes of the "ministerial exception" of the Fair Labor Standards Act, which is

5

"coextensive in scope" with the ministerial exception in Title VII (another exception to Title VII, available when the organization qualifies as a religious organization and the plaintiff qualifies as a minister), a religious organization is one whose "mission is marked by clear or obvious religious characteristics." *Shaliehsabou v. Hebrew Home of Greater Wash., Inc.*, 363 F.3d 299, 306, 310 (4th Cir. 2004); *see also Curl v. Beltsville Adventist Sch.*, No. GJH-15-3133, 2016 WL 4382686, at *8 (D. Md. Aug. 15, 2016) (citing *Shaliehsabou*).

Washington Adventist Hospital is an operating division of Adventist HealthCare, Inc., which is organized as a non-profit, tax exempt religious corporation. Decl. DeStefano ¶¶ 3-4, ECF No. 38-3. The Articles of Incorporation state that the organization is

> an integral and inseparable part of the Seventh-day Adventist Church (the "Church"), being an agency of that organization that is dedicated to further the Church's health ministry. The specific purpose of the Corporation is to accomplish the goals and objectives of the Church's health ministry by providing general supervision to the health care organizations and programs owned or operated by the Church and to promote the wholeness of man physically, mentally, and spiritually.

*Id.* at ¶ 4 (quoting Ex. A at 2). The Bylaws further support that the organization's purposes are related to the ministry of the Church. *Id.* at ¶ 5 (citing Ex. B at 1-2). Additionally, Adventist HealthCare, Inc. is effectively owned and controlled by leaders of the Seventh-day Adventist Church. *Id.* at ¶¶ 6-13. In her response, Ms. Manley does not dispute that Washington Adventist Hospital is a religious organization, stating that after researching further, she "acknowledges that she sued the wrong Defendant." Resp. 8. And she adds that while religious institutions may base relevant hiring decisions upon religious preferences, it does not give them license to make decisions on the basis of race or age, which she also alleges. *Id.* at 8. Therefore, based on the undisputed facts on the record before me, I find that Defendant's "mission is marked by clear or obvious religious characteristics," such that it is a religious organization for purposes of the

religious organization exemption to Title VII. *See Shaliehsabou*, 363 F.3d at 310. Accordingly, it is exempt from Ms. Manley's claims based on religious discrimination, *see Kennedy*, 657 F.3d at 192-93, 196, and I shall GRANT Defendant's Motion for Partial Summary Judgment. The religious discrimination claims are DISMISSED WITH PREJUDICE.

## II.   Amended Complaint

In her response to Defendant's motion, Ms. Manley primarily focused on her request for leave to file an amended complaint. Pl.'s Resp. 1. At this stage of the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Whether to grant a motion for leave to amend is within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court only should deny leave to amend if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility." *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013); *see Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Patterson v. Con Med*, No. JFM-15-3303, 2016 WL 1718226, at *4 (D. Md. Apr. 28, 2016) (citing *Katyle v. Perm Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)), *aff'd*, No. 16-6663, 2016 WL 5753089 (4th Cir. Oct. 4, 2016). Put another way, a proposed amendment is futile if it "would not survive a motion to dismiss." *Rawlings v. City of Baltimore*, No. BEL-10-2077, 2011 WL 1375603, at *4 (D. Md. April 12, 2011).

Ms. Manley's proposed amended complaint asserts five claims: (1) race discrimination; (2) age discrimination; (3) religious discrimination; (4) retaliation; and (5) hostile work environment.

*Id.* at ¶¶ 334-53.  She acknowledges that she originally sued the wrong Defendant, and now seeks to assert her claims against four individuals in their "individual and official capacities"—her supervisors (Mariam Prudente, Nancy Wetmore, Elizabeth Karly), and Laurien Jaladhi-Yeneberi, a medical technician—and Washington Adventist Hospital (as her former employer).  Am. Compl. ¶¶ 5-10.  Defendants do not object to Ms. Manley amending her original complaint to clarify or expand upon her claims, but they do object to her attempt to revive her claims against the individual defendants, who were previously dismissed, and they object to her religious harassment and retaliation claims.  ECF No. 51.

### A.    Individual Defendants

As I stated in my prior decision, it is well settled that "Title VII creates a cause of action against employers, not individual supervisors," which is also true of the ADEA, and I dismissed the Title VII and ADEA claims against Mss. Prudente, Karley, Wetmore, and Yeneberi with prejudice.  Mem. Op. 12-13, 15, ECF No. 28 (quoting *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 693 (D. Md. 2017)).  Neither are the individual Defendants subject to suit under 42 U.S.C. § 1983. *See Cox v. Duke Energy Inc.*, 876 F.3d 625, 633 (4th Cir. 2017) ("[T]o be liable under § 1983, a party must be one who may fairly be said to be a state actor, such that the allegedly unconstitutional conduct is fairly attributable to the State." (citations omitted)).  Therefore, Ms. Manley's attempt to revive her claims against the individual defendants will be denied.

### B.    New Claims

Ms. Manley's proposed amended complaint includes two new claims against Washington Adventist Hospital:  Count Four – Retaliation and Reprisal for Engagin[g] in Protected Activities; and Count Five – Hostile Work Environment.  Am. Compl. ¶¶ 347-53.  I shall address each in turn.

### 1.    Retaliation

To establish a *prima facie* case of retaliation, a plaintiff must show that (1) she "'engaged in protected activity,'" (2) the employer "'took adverse action against [her],'" and (3) "'a causal relationship existed between the protected activity and the adverse employment activity.'" *Westmoreland v. Prince George's County, Md.*, 876 F. Supp. 2d 594, 612 (D. Md. 2012) (quoting *Price v. Thompson,* 380 F.3d 209, 212 (4th Cir. 2004)).  An employee engages in protected activity if she "oppose[s] any practice made an unlawful employment practice by [Title VII], or ... ma[kes] a charge, testifie[s], assist[s], or participate[s] in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3; *see Allen v. TV One, LLC*, No. DKC-15-1960, 2016 WL 337533, at *10 (D. Md. Jan. 28, 2016) (same).

In her proposed amended complaint, Ms. Manley states simply that the Defendant's conduct "constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII."  Am. Compl. ¶ 350.   However, I can find no allegations in her complaint of her engaging in a protected activity, and in her request to amend, she does not point out any such allegations.   She alleges that she believes she was retaliated against because of her religious faith, *id.* at ¶ 42, and she alleges that she was terminated and treated less favorably than others because of her religious faith, *id.* at ¶¶ 11, 32, 124, 127, 129, 168, 171, 175.   These allegations do not demonstrate an exercise of protected activity and, as complaints about religious discrimination, do not support a retaliation claim against the corporate Defendant.   Accordingly, Ms. Manley fails to allege facts that support a viable claim of retaliation, her claim is futile, and it will be excluded from the other claims that I will permit to go forward in her amended complaint.

### 2.   Hostile Work Environment

Ms. Manley's proposed hostile work environment claim appears to be based on harassment because of her religion.  Am. Compl. ¶¶ 351-52.  Although in the following paragraph, *id.* at ¶ 353, she adds that the working environment was hostile in violation of the ADEA, there are no individual allegations of harassment based on her age.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679-79 (2009).  Therefore, because Defendant is exempt from claims based on religious discrimination, Ms. Manley fails to present a viable hostile work environment claim.  *See Kennedy*, 657 F.3d at 193-94.  The claim is futile and will be excluded from her amended complaint.

### C.   Conclusion

In conclusion, I shall grant Ms. Manley leave to amend her complaint, and accept her amended complaint as filed to the extent that it clarifies and expands on the two claims that were not dismissed against the corporate Defendant: Count One – Race Discrimination; and Count Two – Age Discrimination.  Any relevant attachments to her original complaint, ECF No. 1, shall be considered incorporated into her Amended Complaint, ECF No. 47, since she refers to the exhibits although she did not attach them to the filing.  All claims against the individual Defendants are denied, and Counts Three, Four, and Five against the corporate Defendant are denied.  The docket shall be updated to reflect the proper name of the corporate Defendant as Adventist HealthCare, Inc.

**ORDER**

For the reasons stated in this Memorandum and Order, it is this 9th day of March 2021,

hereby ORDERED that:

1.    Defendant's Motion for Partial Summary Judgment, ECF No. 38, is GRANTED, and the religious discrimination claims are DISMISSED WITH PREJUDICE.

2.    Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 48, is GRANTED IN PART and DENIED IN PART:

    a.    Leave to file an Amended Complaint is GRANTED and is accepted as filed to the extent that it clarifies and expands on Counts One and Two against the corporate Defendant.

    b.    Relevant attachments from the original Complaint, ECF No. 1, as referenced as an exhibit in the factual allegations under Counts One or Two, are considered incorporated into the Amended Complaint, ECF No. 47.

    c.    All claims against the individual defendants are DENIED.

    d.    Counts Three, Four, and Five against the corporate Defendant are DENIED.

    e.    The Clerk is directed to update the docket to reflect the proper name of the remaining Defendant as Adventist HealthCare, Inc.

3.    Defendant shall file an Answer to the Amended Complaint, ECF No. 47, as modified herein, on or before March 26, 2021, and discovery shall continue to proceed pursuant to the operative Scheduling Order, ECF No. 62.


                                 /S/
                         Paul W. Grimm
                         United States District Judge